**Affirmed as Modified and Majority and Concurring and Dissenting Opinions filed December 15, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00696-CV

### JOSEPH BRYAN DESSENS, Appellant

### V.

### VICTORIA ARGEROPLOS, Appellee

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-19658**

## CONCURRING AND DISSENTING OPINION

I join in the majority opinion except as to sections III.C. and III.E. The majority affirms the protective order rendered against appellant Joseph Bryan Dessens except as to two conditions in the protective order: the lifetime prohibition against possession of a firearm and Joseph's required attendance of a battering intervention and prevention program. The majority modifies the protective order to delete those two conditions.

The majority concludes that the trial court abused its discretion when it prohibited Joseph was from possessing a firearm or ammunition for the rest of his life on the basis that Joseph never physically harmed or threatened to harm his ex-wife or her family at any point during their relationship. Similarly, the majority eliminates the requirement that Joseph attend a battering intervention and prevention program on the same lack of evidence reflecting physical violence or threats of physical violence. While I agree with the majority there was no evidence at the hearing relating to a firearm or physical violence or threats of violence, article 7A specifically authorized the trial court to prohibit Joseph from possessing a firearm and take any action the trial court determined was appropriate to prevent or reduce the likelihood of future harm. *See* Act of May 22, 2013, 83d Leg., R.S., ch. 760, § 2, 2013 Tex. Gen. Laws 1928, 1928–29, *repealed by* Act of May 21, 2019, 86th Leg., ch. 469, § 3.01(2), 2019 Tex. Gen Laws, 1065, 1151 (nonsubstantively recodifying former Tex. Code Crim. Proc. art. 7A.05(a)(1), (2)(D); now Tex. Code Crim. Proc. Ann. art. 7B.05(a)(1), (2)(D)).

Neither the former nor current statute requires that the prohibition on possessing a firearm be designed to ensure the safety of the applicant or to prevent future stalking. Further, neither the former nor current statute requires a finding other than that the applicant—here Victoria—was a victim of stalking:

> (a) In a protective order issued under this chapter, the court may:
>
> > (1) order the alleged offender to take action as specified by the court that the court determines is necessary or appropriate to prevent or reduce the likelihood of future harm to the applicant or a member of the applicant's family or household; *or*
> >
> > (2) prohibit the alleged offender from:
> >
> > . . .
> >
> > (D) possessing a firearm, unless the alleged offender is a peace officer, as defined by Section 1.07, Penal Code, actively engaged in

2

employment as a sworn, full-time paid employee of a state agency or political subdivision.

*Id.* (emphasis added). In other words, the statute allows a trial court to restrict possession of a firearm whenever the evidence is otherwise sufficient to support a protective order. *See id*. It gives the trial court the discretion to implement a wide variety of conditions, some of which can be implemented for the lifetime of the offender with little or no constraints placed on the trial court by statute. While the Family Code similarly allows a trial court to prohibit a person who was found to have committed family violence from possessing a firearm in a protective order, the Family Code requires specific findings of fact to extend the duration of the family-violence protective order beyond two years. Tex. Fam. Code Ann. §§ 85.022(b)(6), .025.[1]

The question before us is whether the trial court committed reversible error by abusing its discretion. *See* Tex. R. App. P. 44.1(a).[2] There was evidence

---

[1] Family Code section 85.025(a-1) provides:

> The court may render a protective order sufficient to protect the applicant and members of the applicant's family or household that is effective for a period that exceeds two years if the court finds that the person who is the subject of the protective order:
> (1) committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household, regardless of whether the person has been charged with or convicted of the offense;
> (2) caused serious bodily injury to the applicant or a member of the applicant's family or household; or
> (3) was the subject of two or more previous protective orders rendered:
> (A) to protect the person on whose behalf the current protective order is sought; and
> (B) after a finding by the court that the subject of the protective order:
> (i) has committed family violence; and
> (ii) is likely to commit family violence in the future.

Tex. Fam. Code Ann. § 85.025(a-1).

[2] In a civil appeal, a court of appeals cannot modify the trial court's judgment and affirm it as modified without first holding there is reversible error in the trial court's judgment. *See* Tex.

supporting the trial court's determination that Victoria was a victim of stalking. This is all that was required to afford the trial court statutory discretion in placing a lifetime prohibition on Joseph's possession of a firearm. While the majority attempts to limit the discretion of the trial court in protective orders authorized by former Code of Criminal Procedure article 7A (now 7B), the majority offers no explanation of how the trial court abused its discretion when the statute specifically afforded it discretion.[3]

I believe this former statute, as well as the current version of the statute in Code of Criminal Procedure article 7B, would benefit from refinement and further limitation on trial courts' discretion to avoid the unusual situation presented here in which a man who sent two emails—one to his ex-wife's friends and family and one to his ex-wife's employer—was prohibited from possession of a firearm for life. However, this court must enforce the laws as written, not "fix" things we don't like.

I dissent to those portions of the judgment that delete two conditions in the protective order: the lifetime prohibition against possession of a firearm and the required attendance of a battering intervention and prevention program.

---

R. App. P. 43.2(b), 44.1. The modify-and-affirm-as-modified rule came from the Code of Criminal Procedure, and that rule operates in a different fashion in criminal appeals. *See Carmona v. State*, 610 S.W.3d 611, 619–32 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (Spain, J., concurring & dissenting). As I have previously written, "[i]t is hard to imagine Texas Rule of Appellate Procedure 43.2(b) ever being used in a civil appeal as anything other than a polite way to correct minor reversible error in the trial court's judgment; accordingly, in a civil appeal modifying the trial court's judgment and affirming it as modified is identical to a Rule 43.2(c) judgment reversing the trial court's judgment in part and rendering the judgment that the trial court should have rendered, except than the former is more diplomatic than the latter." *Id.* at 621 n.6.

[3] Perhaps the statute is unconstitutional, but that issue was not preserved for appellate review. *See* Tex. R. App. P. 33.1(a).

/s/    Charles A. Spain
       Justice


Panel consists of Justices Wise, Spain, and Hassan (Hassan, J., majority).